**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**15 CV 00265**

------------------------------------------------------------------x

**RALPH H. DAVIS,**

**Plaintiff,**

Case No.

- against -

**CITY OF NEW YORK, CITY OF NEW YORK
DEPARTMENT OF SANITATION, KATHRYN
GARCIA, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS COMMISSIONER OF
THE CITY OF NEW YORK DEPARTMENT OF
SANITATION, ROBERT ORLIN, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS DEPUTY
COMMISSIONER OF THE CITY OF NEW YORK
DEPARTMENT OF SANITATION AND NANCY R.
RILEY, INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS DIRECTOR, HUMAN RESOURCES
OF THE CITY OF NEW YORK DEPARTMENT OF
SANITATION,**

**COMPLAINT**

**JURY TRIAL
DEMANDED**

RECEIVED
JAN 14 2015
U.S.D.C. S.D.N.Y.
CASHIERS

2015 JAN 14  PM 3:50

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL

**Defendants**

------------------------------------------------------------------x

Plaintiff Ralph H. Davis by his counsel, Arnold N. Kriss, Esq., the Law Offices of

Arnold N. Kriss, as and for his Complaint against the above named Defendants, alleges as follows:

1.      This is an action against all Defendants pursuant to *42 USC §§1983 and 1988*

for violations of Plaintiff's civil rights, the Fourth, Fifth, Eighth, and Fourteenth Amendments to the

United States Constitution and the New York State claims of the deprivation of a property right

concerning the wrongful taking of Plaintiff's job, negligence, infliction of emotional distress and

fraud.

2.      There is no other civil action between these parties arising out of the same

transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such

action been previously filed and dismissed or transferred after having been assigned to a Judge.

## PARTIES, JURISDICTION AND VENUE

3.     Plaintiff is a citizen of the United States and an individual residing in the Southern District of New York at 820 Boynton Avenue, Apartment 11L, Bronx, New York 10473.

4.     Defendant City of New York ("Defendant City") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.  Defendant City of New York, by virtue of *respondeat superior*, maintains the New York Department of Sanitation ("Defendant DOS").

5.     Defendant DOS is responsible for the collection of Defendant City's residential and institutional refuse and recyclables.

6.     Defendant DOS employs approximately 7,197 Uniformed Sanitation Workers and Supervisors and 2,048 Civilian Workers.[1]

7.     Defendant Kathryn Garcia ("Defendant Garcia") is the Commissioner, Defendant DOS and is being sued in her individual and official capacity.

8.     Defendant Robert Orlin ("Defendant Orlin') is the Deputy Commissioner-Legal, Defendant DOS and is being sued in his individual and official capacity.

9.     Defendant Nancy R. Riley ("Defendant Riley"), is the Director of Human Resources, Defendant DOS and is being sued in her individual and official capacity.

10.     All of the above named Defendants either personally, officially or by their employees were acting under color of State law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of Defendant City, and were the agents, representatives, principals and/or employees of each other.

11.     This Court has jurisdiction pursuant to *42 U.S.C. §§1983 and 1988,* and supplemental jurisdiction pursuant to *28 U.S.C. §1367.*

---

[1]     Source: Defendant DOS' website: www.nyc.gov/html/about/about.shtml#.

12. Venue is proper in this District Court in that Plaintiff resides in this District and the acts complained of occurred in this District.

## FACTS APPLICABLE TO ALL COUNTS

13. On October 18, 1999, Plaintiff began working as a Sanitation Worker for Defendant DOS.

14. On April 22, 2012, Plaintiff was appointed by Defendant DOS to the probationary title of Supervisor.

15. Plaintiff's probationary term as a Defendant DOS Supervisor was for a period of one year commencing on April 22, 2012, and ending on April 22, 2013.

16. As a probationary Supervisor, Plaintiff's assignments included:

- Rotating Supervising Officer, Manhattan 10 Garage.

- Manhattan 8 garage 1600-2400 Night District Supervisor/Snow Supervisor.

- Department Representative on occasions at Legal.

- Co-officer in charge of blockade and cleaning during President Obama's New York City visit.

- Supervised clean up of the Hurricane Sandy debris in Staten Island, which he volunteered to return to Staten Island to continue this clean up.

17. During the year of Plaintiff's probationary term, Plaintiff was never absent without leave, sick or late, and as a Supervisor he received satisfactory evaluations for three of the year's four quarters.

18. On April 23, 2013, the day after Plaintiff's probationary term ended making him by civil service law a permanent employee and entitled to civil service protection of his Supervisor position, Defendant DOS demoted Plaintiff without notice and a hearing mandated for all civil servants in accordance with New York State *Civil Service Law §75.*

19.    Plaintiff sent letters to Defendant DOS outlining the injustice of his demotion from Supervisor to Sanitation Worker, to no avail.  (Exhibit A).

20.    On May 21, 2013, Plaintiff appealed to Defendant City's Civil Service Commission ("Commission").

21.    Defendant DOS, in opposition to Plaintiff's appeal to the Commission, claimed Plaintiff was demoted within his one year probationary term, and the Commission did not have jurisdiction to issue any order concerning Plaintiff's demotion.

22.    On September 11, 2013, the Commission directed the parties to submit documentary evidence and briefs regarding the beginning and end of Plaintiff's probationary term and the legal issues involved.

23.    Following these submissions, the Commission issued an Order on February 28, 2014, (the "Order"), finding, based upon Defendant DOS' own documentation, that Plaintiff's probationary term had ended on April 22, 2013, and as a result Plaintiff was a permanent employee on April 23, 2013, the date Defendant DOS demoted Plaintiff.  (Exhibit B).

24.    Consequently, as civil service Supervisor, Plaintiff was entitled to all protections, including his Supervisory position, salary for such position and any other benefits that Plaintiff would be entitled to as a Defendant DOS Supervisor.

25.    As a matter of law, Plaintiff could not have been demoted arbitrarily and without a hearing in accordance with New York State *Civil Service Law §75.*

26.    In the Commission's Order, it directed Defendant DOS to either "reinstate Appellant [Plaintiff] to his former title or bring charges pursuant to CSL Sec. 75 forthwith." (Exhibit B).

27.    Defendant DOS has failed and refused to comply with the Commission's Order, neither restoring Plaintiff to his Supervisory position or bringing the requisite charges.

28.     More than one hundred and twenty days since the Commission's February 28, 2014, Order have elapsed and Defendant DOS has not commenced an *Article 78 Proceeding*, New York State's *Civil Practice Law and Rules*, appealing the Commission's Order to the New York State Supreme Court or any other court of competent jursdiction.

29.     Defendant DOS, notwithstanding a letter dated May 30, 2013, seeking Plaintiff's reinstatement to his Supervisor position, never responded.  (Exhibit C).

30.     On October 15, 2014, a letter was sent by Plaintiff's counsel to Defendants DOS, Garcia, Orlin and Riley as a final effort to avoid this litigation and demanding these Defendants to comply with the Order.  (Exhibit D).

31.     To date, no response by any of these Defendants have been forthcoming.

32.     Such failure by Defendant DOS, Garcia, Orlin and Riley to adhere to the Commission's Order is so egregious rising to the level of intentional and willful with deliberate indifference to Plaintiff's Constitutional rights and Plaintiff's property right to his Defendant DOS Supervisor's position denied without due process of law.

## COUNT I
### (Violation of Civil Rights Pursuant to *42 U.S.C. §1983*)
### <u>Deprivation of Property Without Due Process of Law</u>

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "1" through "32" with the same force and effect as if fully set forth at length herein.

34.     As described above, Plaintiff was deprived of his rights secured by the Constitution and laws of the United States and State of New York and such deprivation was committed under color of State law in violation of *42 U.S.C. §§1983 and 1988*.

35.     All named Defendants have acted under the color of State law when the named Defendants deprived Plaintiff of his federal rights, property interests and otherwise discriminated against Plaintiff by wrongfully demoting Plaintiff without due process of law, to wit, Defendants falsely, negligently and willfully stated to the Commission that Plaintiff was demoted prior to the expiration of his probationary term, when in fact Defendants knew from their own documents Plaintiff was demoted after his probationary term had ended.

36.     As a direct and proximate result of Defendants unlawful actions, Plaintiff has suffered damages from such violations, which continue each day Plaintiff is not restored to his Defendant DOS Supervisor position, to wit, loss of salary differential between Plaintiff's present position as a Sanitation Worker and Supervisor, benefits, seniority and any other emoluments Plaintiff would be entitled to retroactive to April 23, 2013, to the present, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

## COUNT II
## (Negligence)

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "1" through "32" and "33" through "36" with the same force and effect as if fully set forth at length herein.

38.     Plaintiff has suffered damages as a result of Defendants' negligence in an amount to be determined at trial, but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

## COUNT III
## (Intentional Infliction of Emotional Distress)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "1" through "32", "33" through "36" and "37" through "38" with the same force and effect as if fully set forth at length herein.

40      As described above, Defendants' actions constitute intentional infliction of emotional distress.

41      Plaintiff has suffered damages as a result of Defendants' intentional infliction of emotional distress in an amount to be determined at trial but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

## COUNT IV
### (Negligent Infliction of Emotional Distress)

42      Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "1" through "32", "33" through "36", "37" through "38" and "39" through "41" with the same force and effect as if fully set forth at length herein.

43      As described above, Defendants' actions constitute negligent infliction of emotional distress.

44      Plaintiff has suffered damages as a result of Defendants' negligent infliction of emotional distress in an amount to be determined at trial but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

## COUNT V
### (Fraud)

45      Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "1" through "32", "33" through "36", "37" through "38", "39" through "41" and "42" through "44" with the same force and effect as if fully set forth at length herein.

46.     As described above, Defendants' actions constitute fraud.

47.     Plaintiff has suffered damages as a result of Defendants' fraud in an amount to be determined at trial but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

**COUNT VI**
**(Conspiracy)**

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the paragraphs designated "1" through "32", "33" through "36", "37" through "38", "39" through "41", "42" through "44" and "45" through "47" with the same force and effect as if fully set forth at length herein.

49.     As described above, Defendants' actions constitute conspiracy since Defendants Garcia, Orlin and Riley and other DOS employees unnamed acted together and conspired to deny Plaintiff his Defendant DOS Supervisor position by wilfully and intentionally failing to restore Plaintiff to this position after receiving the Commission's Order.

50.     Plaintiff has suffered damages as a result of Defendants' conspiracy in an amount to be determined at trial but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

**WHEREFORE**, Plaintiff demands judgment as follows:

A.     On the First Count, a Declaratory Judgment and an Order placing Plaintiff in his Defendant DOS Supervisory position retroactive to April 23, 2013, to the date of Plaintiff's reinstatement to this position with any and all back pay, benefits and other emoluments Plaintiff would have been entitled to had there been no violation of his rights;

B.     On the Second Count, damages as a result of Defendants' negligence in an amount to be determined at trial but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws;

C.      On the Third Count, damages as a result of Defendants' intentional infliction of emotional distress in an amount to be determined at trial but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws;

D.      On the Fourth Count, damages as a result of Defendants' negligent infliction of emotional distress in an amount to be determined at trial but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws;

E.      On the Fifth Count, damages as a result of Defendants' fraud in an amount to be determined at trial but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws;

F.      On the Sixth Count, damages as a result of Defendants' conspiracy in an amount to be determined at trial but no less than $75,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws;

G.      An award of interest and costs; and

H.      With such further and different relief as this Court deems just and proper.

Dated: New York, New York
     January 14, 2015

Yours, etc.,

**LAW OFFICES OF ARNOLD N. KRISS**
Attorneys for Plaintiff
**RALPH H. DAVIS**
123 William Street
15th Floor
New York, New York 10038
(212) 577-2000
(212) 577-2138 (facsimile)

By: _____
    **ARNOLD N. KRISS, ESQ. (5294)**